IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DEADRE HESTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civ-22-1011-R |
| | ) | |
| **OKLAHOMA STATE DEPARTMENT OF HEALTH,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

Before the Court is a *pro se* Complaint filed by Plaintiff Deadre Hester against her former employer, the Oklahoma State Department of Health. Plaintiff has been granted *in forma pauperis* status, and as a result, the Court has reviewed the allegations in her Complaint. Upon completion of this review, the Court finds that the Complaint should be dismissed upon filing pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court, however, grants Plaintiff leave to amend within twenty-one days in an effort to plead a claim against a proper Defendant.

Plaintiff filed this action alleging that she was denied her constitutional rights with regard to her employment. Specifically, she alleges she "was discriminated against because she inquired of a promised raise in her pay. After she asked about her pay increase she was later fired." (Doc. No. 1, p. 5). Her prayer for relief requests damages in excess of $75,000 for violation of her due process rights, the intentional infliction of emotional distress, public humiliation, and the denial of equal protection. The only Defendant identified is the Oklahoma State Department of Health.

The Court should dismiss a case in which *in forma pauperis* status has been granted if at any time it determines the action is frivolous or malicious, seeks relief from a person immune from such relief, or fails to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B). Although § 1915 directly references prisoners, § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike. *See Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also Merryfield v. Jordan*, 584 F.3d 923 (10th Cir. 2009)(affirming dismissal of nonprisoner's complaint as frivolous and as stating no claim for relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); *Ruston v. Church of Jesus Christ of Latter–Day Saints*, 304 F. App'x 666 (10th Cir. 2008)(affirming dismissal of nonprisoner's frivolous complaint under § 1915(e)(2)(B)) (citing cases).

As noted, Plaintiff seeks relief from a single Defendant, the Oklahoma State Department of Health. Although Plaintiff does not specifically identify 42 U.S.C. § 1983 as the basis for her claims, she checks the box indicating that the Court has federal question jurisdiction and alleges violation of her constitutional rights. 42 U.S.C. § 1983 provides a vehicle through which individuals may vindicate their constitutional rights, providing that "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...." 42 U.S.C. § 1983; *see also, McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000) ("A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of law."). The Department of

Human Services is an arm of the State, and the State is not a "person" for purposes of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Accordingly, because Plaintiff names a single Defendant who is not a "person" for purpose of § 1983, the federal constitutional claims must be dismissed.

The Eleventh Amendment of the United States Constitution provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As to both Plaintiff's federal and state law claims, because the Oklahoma Department of Health is an arm of the State, it is entitled to Eleventh Amendment immunity absent express waiver thereof. *See Richins v. Indus. Const., Inc.*, 502 F.2d 1051, 1055 (10th Cir. 1974) ("a state's consent to be sued in the state's own courts does not serve to waive its Eleventh Amendment immunity"). "The State of Oklahoma has consented to a limited waiver of sovereign immunity with the passage of the OGTCA but has not waived its rights under the Eleventh Amendment." *Richter v. Nelson*, No. 4:20-cv-00167, 2022 WL 3104974, at *2 (N.D. Okla. Aug. 4, 2022 (citing Okla. Stat. tit. 51, § 152.1.).

For these reasons the Court hereby dismisses Plaintiff's Complaint without prejudice. Plaintiff may file an amended complaint within twenty-one days in an attempt to sue a person subject to suit in this Court. Any such filing will be reviewed by the Court upon submission. Failure to timely file will result in the entry of judgment to commemorate this dismissal without prejudice.

**IT IS SO ORDERED** this 13th day of January 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE